**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Peter B. Komis,

    Plaintiffs,

v.                                                                  No. _____

DRURY HOTELS COMPANY, LLC,
a Nevada limited liability company
and DRURY COLORADO SPRINGS, LLC,
a Missouri limited liability company,

    Defendants.

## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO, NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1331, 1367, 1441 and 1446, Defendant Drury Hotels Company, LLC, a Nevada limited liability company ("Drury"), by and through its undersigned counsel, removes to this Court the above captioned action ("Action") from the First Judicial District Court, County of Santa Fe, State of New Mexico. In support of removal, Defendant Drury respectfully states the following:

### I.    GROUNDS FOR REMOVAL

On or about July 27, 2018, Plaintiff commenced the Action entitled *Peter B. Komis versus Defendants Drury Hotels Company, LLC, a Nevada limited liability company and Drury Colorado Springs, LC, a Missouri limited liability company*, in the First Judicial District Court, County of Santa Fe, State of New Mexico, by filing Plaintiff's Complaint for Compensatory Damages for Personal Injuries ("the Complaint").

The Complaint was served on Drury Hotels Company, LLC on August 14, 2018.

2815612.1

As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Drury has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II.      DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

Defendant Drury filed its notice to remove this Action within thirty-days of receipt of the Complaint. *See* 28 U.S.C. § 1446(b)(1). Thus this removal is timely. *See id*.

Removal to this Court is proper because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Therefore, this Action is properly removed to the District of New Mexico.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed by Plaintiff, and served upon Defendant, are attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the District Court, Santa Fe County, First Judicial District.

This Notice of Removal is submitted in lieu of filing an answer in the First Judicial District Court, County of Santa Fe, State of New Mexico under the New Mexico Rules of Civil Procedure.

## III.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

Federal courts have original jurisdiction over actions in which there is complete diversity of citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(a). This Action meets those two requirements.

### A.    There is Complete Diversity Between the Parties.

There is complete diversity, as follows:

Plaintiff is a resident and thus a citizen of the State of New Mexico. *See* Complaint at ¶¶ 1 and 2.

Drury Hotels Company, LLC is a Nevada limited liability company having its principal place of business in St. Louis, Missouri. *See* Complaint at ¶ 2. Accordingly, Drury is a citizen of Missouri.

Defendant Drury Colorado Springs, LLC is a Missouri limited liability company with its principal place of business in St. Louis, Missouri. *See* Complaint at ¶ 3. Accordingly, Drury is a citizen of Missouri. *Id*. See 28 USC 1332 (c)(1).

There is complete diversity among the parties.

**B.     The Amount in Controversy Requirement is Satisfied.**

The amount in controversy requirement is satisfied, because the Plaintiff's counsel has stipulated that he is seeking more than $75,000 in damages in this case.

In his Complaint, Plaintiff asserted that on or about June 29 or 30, 2016, Peter Komis was injured because of a negligently designed or maintained parking lot at the Drury Hotel located at 1170 InterQuest Parkway, Colorado Springs, CO. *See* Complaint at paragraph 9.

While Plaintiff does not provide a specific dollar amount of damages in the Complaint, Plaintiff's counsel has stipulated that the amount in controversy in this case exceeds $75,000. See email dated September 12, 2018 to Counsel for Plaintiff, Todd Wertheim, from Counsel for Defendants, David W. Bunting, attached hereto as Exhibit B, verifying that the amount in controversy exceeds $75,000.

The amount in controversy in this case, based on Plaintiff's description of damages in his Complaint and the stipulation of his attorney that Plaintiff is seeking damages in an amount exceeding $75,000.

3

## IV. ALL DEFENDANTS CONSENT TO REMOVAL

Drury Hotels Company, LLC, has contacted the other Defendant in this case, Drury Colorado Springs, LLC, who has indicated that Drury Colorado Springs, LLC consents to removal of this case, and is filing a consent to removal in this action.

WHEREFORE, Defendant respectfully removes this action from the District Court, Santa Fe County, First Judicial District Court to this Court pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By     */s/ David W. Bunting*
     David W. Bunting
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-6900
Facsimile: (505) 768-7395
dbunting@rodey.com
*Attorneys for Defendants Drury Hotels Company, LLC and Drury Colorado Springs, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

    Todd Wertheim
    Jones, Snead, Wertheim & Clifford, P.A.
    Post Office Box 2228
    Santa Fe, New Mexico 87504-2228
    (505) 982-0011
    todd@thejonesfirm.com
    *Attorneys for Plaintiff*

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By     */s/ David W. Bunting*
     David W. Bunting